*Gaffney v. Perelmuter*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty.

PRESENT:

> DENNIS JACOBS,
> ROBERT D. SACK,
> PETER W. HALL,
> *Circuit Judges.*

_____

Francis Gaffney,

> *Plaintiff-Appellant,*

> v.                                                    18-3017

Brian Perelmuter, Dentist,

> *Defendant-Appellee,*

Yvonne Borchert, Dental Assistant,

> *Defendant.*

_____

FOR PLAINTIFF-APPELLANT:        Francis Gaffney, pro se, Cheshire, CT.

FOR DEFENDANT-APPELLEE:       Robert Louis Marconi, Seth Hollander,
                                     Assistant Attorneys General, *for*
                                     William Tong, Attorney General of the
                                     State of Connecticut, New Britain, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Appellant Francis Gaffney, pro se and incarcerated, appeals the district court's judgment granting summary judgment in favor of Appellee Brian Perelmuter, a dentist who extracted one of Gaffney's teeth at Cheshire Correctional Institution. Gaffney alleged violations of his Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983 and state law claims of negligence, malpractice, and intentional infliction of emotional distress. We assume the

2

parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

## I.  Eighth Amendment Claims

To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must show that his medical condition was sufficiently serious (the objective test) and that the defendant acted with deliberate indifference to his medical needs (the subjective test). *Brock v. Wright*, 315 F.3d 158, 162–64 (2d Cir. 2003). The subjective test requires a showing that a defendant acted or failed to act "while actually aware of a substantial risk that serious inmate harm will result[.]" *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). The subjective test

3

requires "something more than mere negligence; but proof of intent is not required[.]" *Cuoco v. Moritsugu*, 222 F.3d 99, 106–07 (2d Cir. 2000) (internal quotation marks omitted). This standard can be met with a showing of criminal recklessness, where the "prison official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hathaway v. Coughlin* ("*Hathaway III*"), 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). The standard is also met where the official's actions involve "the unnecessary and wanton infliction of pain." *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015) (quoting *Hudson v. McMillian*, 503 U.S. 1, 10 (1992), and *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976)).

As an initial matter, several of the relevant facts are in dispute. The evidence submitted by both parties during summary judgment was minimal; it essentially boiled down to Perelmuter's declaration (and his own medical notes) versus Gaffney's declaration (and his own request forms/grievances). Critically, Perelmuter and Gaffney dispute whether, when, and to what extent Gaffney complained of or made Perelmuter aware of Gaffney's pain during and after the

4

extraction, and whether, when, and to what extent Perelmuter responded. These facts are material to the deliberate indifference inquiry because they inform whether Perelmuter recklessly disregarded Gaffney's pain or even wantonly inflicted unnecessary pain. For the reasons explained below, we affirm the dismissal of Gaffney's claim related to Perelmuter's choice to extract the tooth. However, construing the evidence in the light most favorable to Gaffney, we hold that a reasonable jury could find that Perelmuter acted with deliberate indifference during and after the extraction.

### A. Choice to Extract[1]

Summary judgment in favor of Perelmuter was proper as to this challenge, although on grounds not relied upon by the district court.[2] *See Leon v. Murphy*,

---

[1] Perelmuter is incorrect to assert that Gaffney abandoned this claim on appeal; in his brief, Gaffney clearly challenges the decision to extract.

[2] The district court ruled that any challenge to the decision to extract the tooth was improper because the complaint did not raise any allegations concerning that decision. This ruling is incorrect. Although the text of the complaint did not specifically challenge Perelmuter's decision to extract, the attachments to the complaint included request forms in which Gaffney questioned whether extraction was necessary. These forms were integral to Gaffney's claims, because they showed the extent of his pain and his attempts to seek treatment. Because these forms were part of the complaint, Perelmuter had notice of the claims raised in them. *See Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018) ("A complaint is also deemed to include any written instrument attached to it

5

988 F.2d 303, 308 (2d Cir. 1993) (stating that this Court "may affirm . . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely"). In *Chance v. Armstrong*, 143 F.3d 698 (2d Cir. 1998), we ruled that an allegation that defendants "recommended extraction not on the basis of their medical views, but because of monetary incentives," constituted deliberate indifference. *Id.* at 704. Here, although the evidence is conflicting, there is some evidence that Perelmuter chose extraction because of Connecticut Department of Correction ("DOC") policy, even though crowns might have been the more appropriate treatment. *See id.* at 703 ("In certain instances, a physician may be deliberately indifferent if he or she consciously chooses an easier and less efficacious treatment plan." (internal quotation marks omitted)). Gaffney, however, never alleged that the DOC policy was unconstitutional, that the policy was based on monetary or other improper incentives, or that Perelmuter's decision to extract was based on monetary incentives or a belief that extraction was easier. Instead, Gaffney argues only that

as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." (internal quotation marks omitted)).

6

the decision was incorrect (without alleging any facts about Perelmuter's motive), and that other dentists determined that extraction was unnecessary. *See id.* ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). Gaffney thus fails to show that Perelmuter's decision to extract the tooth constituted deliberate indifference. Summary judgment was proper as to this claim.

### B. Extraction

The district court correctly held that a jury could conclude that the objective test was met because Gaffney's dental pain constituted a sufficiently serious medical condition. *See Brock*, 315 F.3d at 163 (holding that conditions causing pain falling "somewhere between 'annoying' and 'extreme'" can be serious medical conditions, the condition need not be "life-threatening," and the pain need not be "at the limit of human ability to bear"); *see also Chance*, 143 F.3d at 702 (holding that, in determining the seriousness of a condition, a court should consider the existence of chronic and substantial pain).

The district court erred, however, in holding that a reasonable jury could not conclude that Perelmuter acted with deliberate indifference to that pain during

the extraction.    Construed liberally, Gaffney argued that Perelmuter was

deliberately indifferent during the extraction in two distinct ways: (1) Perelmuter

knew or should have known that ten minutes was insufficient time for the

Novocain to take effect and for Perelmuter to properly extract the tooth,[3] and (2)

Perelmuter evinced conscious disregard of Gaffney's pain during the extraction

by ignoring his cries of pain, failing to provide further pain relief, and continuing

to "dig" and "stab" the area.    Viewing the evidence in the light most favorable to

Gaffney, both arguments succeed.

First, the district court erred in ruling that Gaffney's claim that Perelmuter

"knew or should have known" that ten minutes was insufficient time for the

procedure necessarily amounted only to a claim of negligence.    This language can

also support a claim of culpable recklessness, and the record contains evidence

that could support such a finding.    *See Hathaway III*, 99 F.3d at 553 (stating that

recklessness is shown where a "prison official *knows of and disregards* an excessive

---

[3] The language "should have known" suggests a negligence standard.    Viewing Gaffney's arguments liberally, however, we read this allegation to mean that ten minutes was so obviously an insufficient amount of time that Perelmutter must have known it was insufficient.

8

risk to inmate health or safety" (emphasis added) (internal quotation marks omitted)).   A reasonable jury could infer from the evidence (Gaffney's declaration about the extraction) that, in fact, ten minutes was obviously an insufficient amount of time and that Perelmuter therefore knew that it was an insufficient amount of time.[4]   *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) ("Officials need only be aware of the risk of harm, not intend harm. And *awareness may be proven from the very fact that the risk was obvious*." (emphasis added) (internal quotation marks and citation omitted)).   That ten minutes was an insufficient time is further supported by the evidence of complications during the extraction: the tooth broke in the gum and Gaffney required several follow-up visits (including two procedures to slice the gum away from the cheek).

---

[4] Although Perelmuter argues on appeal that Gaffney did not provide any evidence to support his claim that Novocain takes longer than ten minutes to take effect, Perelmuter did not provide any evidence that disputes that claim, and a reasonable jury could conclude that the risk that Novocain would not have taken effect yet was obvious. Further, the fact that ten minutes may have been an insufficient time (and that Perelmuter was aware it was insufficient) was further supported by Gaffney's declaration that the dental assistant told Perelmuter that she would reschedule the extraction because there was only ten minutes "left" to do the procedure.

Second, a reasonable jury could infer from the evidence that Perelmuter acted recklessly, or even wantonly, by ignoring Gaffney's cries of pain and continuing with the procedure without providing pain relief or waiting a sufficient amount of time for the Novocain to take effect. Although the district court relied on the fact that Perelmuter injected Gaffney with Novocain, and his notes indicated that he prescribed pain medication after the extraction, the court failed to consider Gaffney's evidence that, despite the Novocain, he experienced extreme pain during the extraction.[5] *See Hathaway v. Coughlin* ("*Hathaway II*"), 37 F.3d 63, 68 (2d Cir. 1994) (stating that, where a doctor was aware of the plaintiff's pain, "[a] jury could infer deliberate indifference from the fact that [the doctor] knew the extent of [the plaintiff's] pain, *knew that the course of treatment was largely ineffective*, and declined to do anything more to attempt to improve [the plaintiff's] situation" (emphasis added)).

---

[5] Whether Perelmuter prescribed pain medication after the extraction is in dispute; Gaffney declared that Perelmuter did not provide any pain relief, and the only evidence showing that medication was prescribed was Perelmuter's notes stating "Rx: Motrin." No prescription form was included in the evidence.

10

Further, the district court erred in ruling that Gaffney did not allege that he informed Perelmuter of the pain he was experiencing; Gaffney asserted that he yelled out, moaned and groaned, and held his knees to his chest, and a reasonable jury could infer that Perelmuter knew from that reaction that Gaffney was in pain. A reasonable jury could also conclude that the confluence of factors here (proceeding with insufficient time, ignoring yells of pain, breaking the tooth, repeatedly slipping and stabbing the area), even if considered individually would not show deliberate indifference, taken together show that Perelmuter evinced a conscious disregard to Gaffney's pain and dental health during the extraction. *Cf. Crawford*, 796 F.3d at 257 (holding, in a prison sexual abuse case, that "[l]ess severe but repetitive conduct may still be cumulatively egregious enough to violate the Constitution" (internal quotation marks omitted)).

Finally, Perelmuter would not be entitled to qualified immunity on this claim, because the right to be free from serious dental pain is clearly established. *See Chance*, 143 F.3d at 702–04; *see also Hathaway II*, 37 F.3d at 68–69 (holding that a doctor is not entitled to qualified immunity where a rational jury could find that

11

the doctor was deliberately indifferent because he failed to alleviate pain and suffering despite numerous requests).

### C. Post-Extraction Treatment

For the same reasons described above, Gaffney's allegations of continued pain for the months after the extraction meet the objective test. *See Brock*, 315 F.3d at 163; *Chance*, 143 F.3d at 702–03.

They also meet the subjective test. Based on Gaffney's allegations that he complained to Perelmuter of pain in the months after the extraction, a jury could reasonably conclude that Perelmuter was deliberately indifferent to that pain. We have declined to adopt a rule that would "exempt general practitioners from being found deliberately indifferent to a patient's serious medical needs as long as that general practitioner at some point refers the patient to a specialist, regardless of the extent of contact that general practitioner has with the patient." *Hathaway II*, 37 F.3d at 68. We have held instead that a "jury could infer deliberate indifference from the fact that [the doctor] knew the extent of [the plaintiff's] pain, knew that the course of treatment was largely ineffective, and declined to do anything more to attempt to improve [the plaintiff's] situation." *Id.* Here, the

12

district court correctly noted that Perelmuter saw Gaffney several times after the extraction, attempted to separate the attachment of the cheek and gum, and eventually submitted (seven months after the extraction) a "Utilization Review Committee" ("URC") request to have a specialist address Gaffney's continued numbness. Gaffney also asserted, however, that he complained of *pain* to Perelmuter in the months after the extraction—including by submitting a request form complaining of pain on June 24, 2015 (which he asserted was ignored); by telling Perelmuter that he was experiencing pain during the June 30 visit; by submitting a request form on July 31 complaining that he bled for four hours after that visit (which he asserted was ignored); and by submitting a request form on December 15 complaining of continuing pain. If the jury were to credit these assertions and find that Perelmuter failed to provide Gaffney with any pain relief as a result of these complaints, it could reasonably infer that Perelmuter was consciously disregarding Gaffney's pain despite having eventually made a URC request that Gaffney see an outside specialist to address the numbness. For the same reasons discussed above, Perelmuter would not be entitled to qualified

13

immunity on this claim. Summary judgment in favor of Perelmuter was improper as to Gaffney's post-extraction claim.

We have reviewed the remainder of Gaffney's arguments of error and find them to be without merit. Accordingly, the judgment of the district court is **VACATED** and **REMANDED** in part with respect to the Eighth Amendment claims concerning the extraction and post-extraction treatment and **AFFIRMED** in part with respect to the remaining claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

14